RECEIVED

MAR 1 3 2019

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NORTH CAROLINA

__WESTERN__ DIVISION

Stephanie Lavette marks
_____ )

_____ )

(Enter above the full name
of the Plaintiff[s] in this
action).

vs.

Cary Hotels // Cambria )

Kayla Blair _____ )

_____ )

_____ )

(Enter above the full name of
**ALL** Defendant[s] in this action.
Fed.R.Civ.P.10(a) requires that
the caption of the <u>complaint</u>
include the names of **all** the
parties. Merely listing one
party and "et al." is insufficient.
Please attach additional sheets if
necessary).

Case No. 5:19-CV-103-FL
(To be assigned
by the Clerk of
District Court)

<u>COMPLAINT</u>

1. Plaintiff resides at 933 Pony Club Circle, Cary, NC 27519

1

2. Defendant(s) name(s): _Cary Hotel // Cambrig_

Location of principal office(s) of the named defendant(s):
_300 Airgate Dr morrisville, NC_

Nature of defendant(s) business: _Hotel_

Approximate number of individuals employed by defendant:
_25_

3. This action is brought pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination. Jurisdiction is specifically conferred on this court by 42 U.S.C. § 2000e-5. Equitable and other relief are also sought under 42 U.S.C. § 20003-5(g).

4. The acts complained of in this suit concern:

   (A) _____ Failure to employ me.

   (B) \_\_\_\_✓\_\_ Termination of my employment.

   (C) _____ Failure to promote me.

   (D) \_\_\_✓\_\_\_ Other acts as specified below:

2

_____

_____

_____

_____

_____

_____

_____

_____

_____

5. Plaintiff is:

   (A) __✓__ presently employed by the defendant.

   (B) _____ not presently employed by the defendant.

      The dates of employment were _____.

      Employment was terminated because:

      (1) _____ plaintiff was discharged.

      (2) _____ plaintiff was laid off.

      (3) _____ plaintiff left job voluntarily.

6. Defendant(s) conduct is discriminatory with respect to the following:

   (A) __✓__ my race.

   (B) _____ my religion.

   (C) _____ my sex.

3

| EEOC Form 161 (11/16) | U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | | |
|---|---|---|---|

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Stephanie L. Marks<br>933 Pony Club Circle<br>Cary, NC 27519 | From: | U.S. EEOC-Raleigh Area Office<br>434 Fayetteville Street, Suite 700<br>Raleigh, NC 27601 |
|---|---|---|---|
| | ☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))* | | |
| EEOC Charge No.<br>433-2019-00271 | EEOC Representative<br>**J. E. Morales,**<br>**Senior Federal Investigator** | | Telephone No.<br>**(919) 856-4152** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice;** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)

Thomas M. Colclough,
Acting District Director

12/13/18
*(Date Mailed)*

cc: **Michael Johnson**
**General Manager**
**CARY HOTELS, LLC., D/B/A CAMBRIA SUITED -**
**RDU AIRPORT**
**300 Airgate Drive**
**Morrisville, NC 27560**

Statement of Stephanie Marks Regarding Disciplinary Meeting with Assistant Manager Kayla Blair on 10/24/2018.

1. On 10/10/2018 at approximately 9:00pm, I submitted a leave request for 11/22/2018 and 12/22/2018 to the inbox of Assistant Manager Kayla Blair. My leave request was folded in half and stapled at the ends as a privacy measure. After submitting my leave request, I checked Assistant Manager Blair inbox on 10/11/2018between 9:00-10:00pm to see if she had reviewed it. I observed at that time my leave request was still in her inbox. Assistant Manager Blair worked on the aforementioned date from approximately 3:00pm-9:00pm. On 10/15/2018, 10/16/2018, 10/17/2018 and 10/18/2018I again checked Assistant Manager Blair's inbox on each of the aforementioned dates between 9:00pm-10:00pm to ascertain the status of my leave request. Assistant Manager Blair was present for work between the hours of 3:00pm-9:00pm on each date except for 10/18/2018. I checked Assistant Manager Blair's inbox each of the previous mentioned dates regarding my leave request which I observed after each occasion was still in her inbox.

2. On 10/22/2018 and 10/23/2018 I again checked Assistant Manager Blair's inbox between 9:00pm-10:00pm regarding the status of my leave request which I observed was still in her inbox. Assistant Manager Blair was at work between the Hours of 3:00pm-9:00pm on both days. On 10/24/2018 at approximately 9:35am, I received a text from Assistant Manager Blair concerning a copy of a customer's CCthat I had made on the night of 10/23/2018 during my assigned work shift. At the time that I received the text from Assistant Manager Blair my assigned shift had not started and I was not on the property. Assistant Manager Blair advised me in her text that the morning shift guest service representative (Chrissy) was unable to locate the document. I sent a return text inform Assistant Manager Blair"I had put the document in her inbox", and she responded "that's what I figured, I'll ask Chrissy to check again, thanks". Assistant Manager Blair did not work on this date as it was her day off.

3. On the same date at approximately 5:10pm my assigned work shift began. Shortly after my arrival, Chrissy clocked out and departed the property. I was concerned regarding the location of the customer's CC and at approximately 6:00pm I double checked Assistant Manager Blair's inbox for the document. It was at this time that I observed that my leave request had been removed from Assistant Manager Blair's inbox.

4. Shortly thereafter, I called Chrissy to inquire as to whether she had mistakenly removed my leave request from Assistant Manager Blair's inbox; however I was sent to her voicemail. At that time I left a message asking "Chrissy as she was checking Assistant Manager Blair's inbox for the costumer's CC had she mistakenly removed my leave request".A short time later, I called Assistant Manager Blair and informed her that my leave request was no longer in her inbox and that I believed Chrissy had removed it by mistake. I then sent Chrissy a text stating "if I even

remotely felt a need to run anything about me with you I would have, simply put it, I didn't nor do I ever need you to go to anyone for me, I wrote my request off because I'm my own person 24 hours a day, just in case that invasion of my privacy and I don't like it".

5. On 10/25/2018 at approximately 5:00pm my work shift started, at approximately 5:15pm Assistant Manager Blair called me into her office and informed me that I was receiving a disciplinary write-up for harassment. My response to her was "for what" and she replied for "harassment". I then responded "that wasn't harassment that was an invasion of my privacy". She then went on to say that "I called my co-worker (Chrissy) inquire about my leave request which she (Assistant Manager Blair) had removed from her inbox on Tuesday and that my leave request was in Mike's(General ManagerMichael Johnson) office on his desk since Tuesday". My response toAssistant Manager Blair was "you removed it yourself" and she replied "yes". I then stated "ok, show me the tape".

6. Assistant Manager Blair at that time replied "really are we doing that now". My responses was "you told me I'm being written up for it, let me see the tape". Assistant Manager Blair relied "we are not reviewing the tape and you need to sign the write-up". I then stated to Assistant Manager Blair "that if we could review the tape and I could see her remove the leave request I would sign the document". Assistant Manager Blair at that time informed me that she was "hiring someone as a full time desk clerk and that she was scheduling me for only (2) days next week". My response was "ok" and she replied "you only want to work (2) days". I then responded "that's what you said you were giving me". Assistant Manager Blair then asked me "are going to be able to compile with the rules" and I stated "yes".

7. Shortly thereafter, I then preceded to leave Assistant Manager Blair's office and upon reaching the door to her office, I turned back to her and ask "could have the rest of my shift off" and she replied "yes".

8. After I departed the property, Assistant Manager Blair and I exchanged texts. I initiated the texting by sending Assistant Manager Blair a text in which I told her "why am I feeling like this, it is unethical, there is something about it that's bigger than the write-up that was omitted from the paragraphs or the box with the yes check marks, it's like an unsettling unrest that's over me but what puzzling is the way of correction, there was a group gathered together in the first office, you and your document and me all by myself, (6) again (1) that's scary". Assistant Manager Blair replied " Stephanie please stop texting me, this is not the correct way to have this conversation, I am more than happy to speak with you in person and everyone was in the other office so that we could speak privately, as they had nothing to do it".

9. There was no additional communications between Assistant Manager Blair and myself. I didn't signed the disciplinary letter that she had presented to me as I had detected inconsistencies in factual accuracy of her statements.

(D) __Black__ my national origin.

(E) _____ other as specified below:

_____

_____

7. The name(s), race, sex, and the position or title of the individual(s) who allegedly discriminated against me during the period of my employment with the defendant company is (are):

Kayla Blair - white mgr / Female
Chrissy - white - front desk / Female

_____

_____

_____

_____

8. The alleged discrimination occurred on or about __10/25/18__

_____

9. The nature of my complaint, i.e., the manner in which the individuals(s) named above discriminated against me in terms of the conditions of my employment is as follows:

The mgr wrote me up for harassment because my coworker mistakenly removed my request off but instead of her sealing it back, she took it to my mgr who she knew was going to be upset which I explained

4

to my mgr. Because I called Chrissy and asked her about removing my request my mgr ~~who was t~~ wrote me up and that very same day my working hours were cut.

10. The alleged illegal activity took place at: Cambria // Cary Hotels.

11. I filed charges with the Equal Employment Opportunity Commission regarding defendant(s) alleged discriminatory conduct on or about 10/18. I have attached a copy of the Notice of Right to Sue letter issued by the Equal Employment Opportunity Commission. This letter was received by me on 12/13/18.

12. I seek the following relief:

    (A) \_\_\_\_\_ recovery of back pay;

    (B) \_\_\_\_\_ reinstatement to my former job;

    (C) ✓ trial by jury on all issues so triable;

    and any other relief as may be appropriate, including

5

injunctive orders, damages, costs and attorney's fees.

<u>3/13/19</u>
Date

<u>D. Mark</u>
Signature of Plaintiff
<u>933 Pony Club Circle</u>
<u>Cary, NC 27519</u>
<u>(919) 521-6077</u>

Address and Phone Number of Plaintiff