IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CV-103-FL

| | | |
|---|---|---|
| STEPHANIE LAVETTE MARKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CAMBRIA HOTEL AND SUITES,[1] | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on defendant Cambria Hotel and Suites's ("Hotel") motion to dismiss for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5), and failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6) (DE 18). The issues raised have been fully briefed, and in this posture are ripe for ruling. For the reasons that follow, defendant's motion is granted.

**STATEMENT OF THE CASE**

Plaintiff, proceeding pro se, initiated this action by filing a motion to proceed in forma pauperis ("IFP") on March 13, 2019. While plaintiff's IFP application was pending before the court, plaintiff paid the filing fee for her case, and her proposed complaint was filed by the clerk of court on April 8, 2019. Plaintiff's complaint alleges that defendant Hotel unlawfully discriminated against her based on race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

---

[1] The court constructively amends its case caption to reflect dismissal of defendant Kayla Blair pursuant to the court's October 31, 2019, order. The court further amends the case caption to reflect the substitution of defendant Cambria Hotel and Suites for defendant "Cary Hotels//Cambria." See Fed. R. Civ. P. 21.

1

Service of process in this case was due July 7, 2019. Following a failure to serve defendants Hotel and Kayla Blair ("Blair"), the court ordered plaintiff to perfect service on defendants not later than October 9, 2019. On October 24, 2019, finding no service had been made, the court dismissed the action without prejudice for failure to timely serve process on defendants. Later that same day, the clerk of court entered into the record proof of service as to defendant Hotel. Finding service timely perfected, the court vacated its judgment as to defendant Hotel. In the meantime, defendant Hotel filed the instant motion to dismiss.

## STATEMENT OF FACTS

The facts alleged in the complaint may be summarized as follows. Plaintiff is currently employed by defendant Hotel. (Compl. at 3).[2] On October 10, 2018, at 9:00 p.m., plaintiff submitted a leave request to Blair, defendant Hotel's assistant manager. (Id. at 5). Plaintiff repeatedly checked Blair's inbox to determine if Blair had processed her leave request, but the request was still in her inbox. (Id.).

On October 24, 2018, Blair asked plaintiff for a copy of a customer record that plaintiff had made the previous night. (Id.). Plaintiff responded that the customer record was in Blair's inbox. (Id.). Blair then told plaintiff she would ask Chrissy, the morning shift guest service representative, to check Blair's inbox again. (Id.). Later that day, plaintiff checked Blair's inbox for the customer record, and observed that her leave request had been removed. (Id.). Plaintiff called Chrissy to ask if she had removed her leave request, called Blair to inform her that she believed Chrissy had removed her leave request, and sent Chrissy a text, stating in part " . . . I didn't nor do I ever need you to go to anyone for me, I wrote my request off because I'm my own person 24 hours a day, just in case that invasion of my privacy and I don't like it." (Id. at 5–6).

---

[2] All page numbers are those assigned by the court's electronic case filing system ("CM/ECF").

The next day, Blair called plaintiff into her office and told plaintiff that she was receiving a disciplinary write up for harassment. (Id. at 6). Plaintiff asked for what, and Blair explained it was for the communications plaintiff sent to Chrissy regarding plaintiff's leave request, since Blair was the one that removed the leave request and gave it to defendant Hotel's general manager. (Id.). During the meeting, Blair also informed plaintiff that she was hiring a full-time desk clerk and plaintiff was only needed for two days next week. (Id.). Plaintiff left Blair's office and never signed the disciplinary letter. (Id.).

## DISCUSSION

A.  Standard of Review

A motion under Rule 12(b)(5) challenges the sufficiency of service of process. See Fed. R. Civ. P. 12(b)(5). "When the process gives the defendant actual notice of the pendency of the action, the rules ... are entitled to a liberal construction" and "every technical violation of the rule or failure of strict compliance may not invalidate the service of process." Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984). Nevertheless, "the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." Id. The plaintiff bears the burden of establishing that process properly has been served. Dalenko v. Stephens, 917 F. Supp. 2d 535, 542 (E.D.N.C. 2013); see also Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th Cir. 1993) (holding the plaintiff must prove service of process if challenged).

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level."

Twombly, 550 U.S. at 555.  In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B.   Analysis

Defendant advances three arguments in favor of dismissal: 1) plaintiff failed to timely serve process on defendant, 2) plaintiff failed to timely file her complaint, and 3) plaintiff's complaint fails to state a claim of race discrimination under Title VII.

1.   Service of Process

The Federal Rules of Civil Procedure generally require that plaintiff serve defendant "within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m).  If plaintiff fails to do so, "the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Id. (emphasis added).  The rules further provide that "[f]ailure to prove service does not affect the validity of service." Fed. R. Civ. P. 4(l)(3).

On August 12, 2019, the court gave notice to plaintiff that service had not been perfected and ordered that plaintiff perfected service no later than October 9, 2019.  On October 24, 2019, plaintiff filed server's affidavit from the Wake County Sherriff's Office, showing process had been served on the general manager of defendant Hotel on October 9, 2019.  (Proof of Service (DE 15) at 1–2).  Thus, service of process was timely according to the court's order entered August 12, 2019, extending time for service.

Defendant Hotel argues that plaintiff cannot demonstrate good cause for such an extension. However, Rule 4(m) plainly requires the court to either 1) dismiss the action without prejudice, or 2) order that service be made within a specified time. Here, the court chose the latter option, and plaintiff timely perfected service. Though plaintiff was dilatory in providing the court with proof of service, service is nonetheless valid. Therefore, defendant Hotel's first ground for dismissal under Rule 12(b)(5) is without merit.

2. Statute of Limitations

"Ordinarily, a defense based on the statute of limitations must be raised by the defendant through an affirmative defense, see Fed. R. Civ. P. 8(c), and the burden of establishing the affirmative defense rests on the defendant." Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007). "[A] motion pursuant to Rule 12(b)(6) invites an inquiry into the legal sufficiency of the complaint, not an analysis of potential defenses to the claims set forth therein." Brockington v. Boykins, 637 F.3d 503, 506 (4th Cir. 2011). Dismissal under Rule 12(b)(6) based on affirmative defenses only "is appropriate when the face of the complaint clearly reveals the existence of a meritorious affirmative defense." Id.

Under Title VII, plaintiff must exhaust his administrative remedies by first filing a charge with the Equal Employment Opportunity Commission ("EEOC"). Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000). This charge must be filed within 180 days of each discrete adverse employment action described in the complaint unless plaintiff had previously filed with other authorities not applicable in this case. See, e.g., 42 U.S.C. § 2000e–5(e)(1); Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002) ("Each discrete discriminatory act starts a new clock for filing charges alleging that act. The charge, therefore, must be filed within the 180– or 300–day time period after the discrete discriminatory act occurred."). Once the EEOC closes its

investigation and plaintiff receives a right to sue letter, plaintiffs have a 90-day period in which to file their claims in court. 42 U.S.C. § 2000e–5(f)(1); see also Watts-Means v. Prince George's Family Crisis Ctr., 7 F.3d 40, 42 (4th Cir. 1993).

"[P]rinciples of equitable tolling may, in the proper circumstances, apply to excuse a plaintiff's failure to comply with the strict requirements of a statute of limitations." Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000). The United States Court of Appeals for the Fourth Circuit has held in unpublished opinions that the pendency of an IFP application tolls Title VII's statute of limitations. See Ish v. Arlington Cty. Virginia, 918 F.2d 955 (4th Cir. 1990) (table); Robinson v. Yellow Freight Sys., 892 F.2d 74 (4th Cir. 1989) (table). Other circuit courts have issued published opinions reaching the same conclusion as the Fourth Circuit. See, e.g., Escobedo v. Applebees, 787 F.3d 1226, 1233 (9th Cir. 2015); Truitt v. Cty. of Wayne, 148 F.3d 644, 647–48 (6th Cir. 1998); Williams-Guice v. Bd. of Educ., 45 F.3d 161, 164–65 (7th Cir. 1995); Jarrett v. U.S. Sprint Commc'ns Co., 22 F.3d 256, 259 (10th Cir. 1994). District courts within this circuit are in accord as well. See, e.g., Lassiter v. N. Carolina Cmty. Health Ctr. Ass'n, 367 F. Supp. 3d 435, 439 (E.D.N.C. 2019); Moore v. Potter, 605 F. Supp. 2d 731, 736 (E.D. Va. 2009); Bishop v. Apfel, 91 F. Supp. 2d 893, 894 (W.D. Va. 2000).

Plaintiff received her right to sue letter on December 13, 2018. (Compl. at 4). She filed her IFP application 90 days later on March 13, 2019.[3] The 90-day statute of limitations was equitably tolled pending disposition of the IFP application. Plaintiff paid her filing fee on April 5, 2019, while her IFP motion was pending, and the clerk filed plaintiff's complaint the next business day. The limitations period in this action was equitably tolled up to and including April 8, 2019.

---

[3] The court may take judicial notice of its docket without converting the motion to one for summary judgment. See Sec'y of State For Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007) ("In reviewing the dismissal of a complaint under Rule 12(b)(6), we may properly take judicial notice of matters of public record.").

Defendant Hotel argues that no ground for equitable tolling exists. The court rejects defendant's argument. Dismissal under Rule 12(b)(6) based on defendant Hotel's statute of limitations defense is not warranted.

3. Disparate Treatment

Title VII provides that it is unlawful to "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race." 42 U.S.C. § 2000e-2(a)(1). "[I]f a plaintiff is able to produce direct evidence of discrimination, [s]he may prevail without proving all the elements of a prima facie case." McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin., 780 F.3d 582, 584–85 (4th Cir. 2015) (quoting Swierkiewicz v. Sorema N. A., 534 U.S. 506, 511 (2002)). "Absent direct evidence, the elements of a prima facie case of discrimination under Title VII are: (1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." Coleman v. Maryland Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010) (citing White v. BFI Waste Servs., LLC, 375 F.3d 288, 295 (4th Cir. 2004)).

"An adverse employment action is a discriminatory act that 'adversely affect[s] the terms, conditions, or benefits of the plaintiff's employment.'" Holland v. Washington Homes, Inc., 487 F.3d 208, 219 (4th Cir. 2007) (quoting James v. Booz–Allen & Hamilton, Inc., 368 F.3d 371, 375 (4th Cir. 2004)). Adverse employment actions include "discharge, demotion, decrease in pay or benefits, loss of job title or supervisory responsibility, or reduced opportunities for promotion." Ray v. Int'l Paper Co., 909 F.3d 661, 670 (4th Cir. 2018) (quoting Boone v. Goldin, 178 F.3d 253, 255 (4th Cir. 1999)). Disciplinary discussions and a written reprimand do not constitute adverse employment actions under Title VII. See Adams v. Anne Arundel Cty. Pub. Sch., 789 F.3d 422,

429 (4th Cir. 2015); Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 651–52 (4th Cir. 2002). Reducing the hours an employee works can plausibly constitute an adverse employment action. See Ray, 909 F.3d at 667–68; E.E.O.C. v. R&R Ventures, 244 F.3d 334, 341 (4th Cir. 2001).

For the most part, plaintiff's allegations stop short of constituting an adverse employment action under Title VII. Plaintiff was called into a disciplinary discussion with Blair over plaintiff's alleged harassment concerning her leave request. (Compl. at 6). Blair informed plaintiff she was receiving a disciplinary write up, which plaintiff refused to sign. (Id.). However, plaintiff's allegation that Blair reduced her work hours during their disciplinary discussion plausibly constitutes an adverse employment action under Title VII. (See id. at 8).

"In determining whether an employee was performing at a level that met the employer's legitimate expectations, it is the perception of the decision maker which is relevant, not the self-assessment of the plaintiff." King v. Rumsfeld, 328 F.3d 145, 149 (4th Cir. 2003) (holding evidence that an employee's work looked like that of his co-workers was insufficient to demonstrate work met employer's legitimate expectations). However, Title VII "does not require the plaintiff to show that [s]he was a perfect or model employee." Haynes v. Waste Connections, Inc., 922 F.3d 219, 225 (4th Cir. 2019) (finding a genuine issue of material fact where employee received bonuses for the period in question and was told weeks before his termination that the employee had "nothing to worry about" regarding his performance review).

Plaintiff's complaint does not allege that, at the time her work hours were reduced, her job performance met defendant's legitimate expectations. The only allegations bearing on defendant's perception of plaintiff's job performance are that Blair sought to discipline plaintiff for harassment, and Blair expressed concern regarding whether plaintiff was going to be able to comply with defendant's rules. (Compl. at 6). These allegations leave open to speculation whether defendant,

through performance reviews or otherwise, indicated that plaintiff was meeting its legitimate expectations around the time plaintiff's hours were cut.

In addition to alleging an adverse employment action, plaintiff must allege that "[s]he was treated less favorably because [s]he falls into a protected class." Anderson v. Westinghouse Savannah River Co., 406 F.3d 248, 268 (4th Cir. 2005). Merely alleging that employees are of a different race than plaintiff is insufficient to plead disparate treatment on account of plaintiff's race. See McCleary-Evans, 780 F.3d at 585–86; Coleman, 626 F.3d at 190–91.

Notably absent from plaintiff's complaint is any assertion that her work hours were cut because of her race. Plaintiff merely alleges that she is black, Blair is white, and Chrissy is white. (Compl. at 7). Because plaintiff fails to plausibly allege similarly situated employees of a different race were treated differently, and because she fails to allege adequate job performance, plaintiff's complaint is deficient under Rule 12(b)(6).

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss for failure to state a claim (DE 18) is GRANTED. Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE. Within 21 days, plaintiff is ALLOWED to file motion to amend, together with proposed amended complaint, correcting the deficiencies noted herein. Should plaintiff fail so to file, the clerk is DIRECTED to close this case without further order from the court.

SO ORDERED, this the 2nd day of January, 2020.

LOUISE W. FLANAGAN
United States District Judge